ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
CAREY G. BEEN (SBN 240996)
cbeen@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone:   (415) 543-1305
Facsimile:   (415) 543-7861

Jeremiah Frei-Pearson (*Pro Hac Vice* forthcoming)
D. Greg Blankinship (*Pro Hac Vice* forthcoming)
**MEISELMAN, PACKMAN, NEALON, SCIALABBA & BAKER P.C.**
1311 Mamaroneck Avenue
White Plains, New York 10605
Telephone:  (914) 517-5000
Fax:  (914) 517-5005
jfrei-pearson@mpnsb.com
gblankinship@mpnsb.com

*Counsel for Plaintiffs*

ORIGINAL FILED
2013 JAN 24  P 3: 29
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

LB

| | |
|---|---|
| JOHN FALKENBERG and STEVEN INGARGIOLA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>ALERE HOME MONITORING, Inc.,<br><br>Defendant. | CASE NO. CV- **CV 13 0341**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs John Falkenberg and Steven Ingargiola, by their undersigned attorneys, as and for their class action complaint, allege, with personal knowledge as to their own actions, and upon information and belief as to those of others, as follows:

**CLASS ACTION COMPLAINT**

## NATURE OF THE ACTION

1. This class action seeks to redress Defendant Alere Home Monitoring, Inc.'s ("Alere" or "Defendant") unlawful negligent maintenance and disclosure of the confidential personal and medical information it obtained from approximately 116,000 patients, in violation of California's Confidentiality of Medical Information Act ("CMIA"), Civil Code Section 56, *et seq.*, California's Business & Professional Code Section 17200, *et. seq.*, the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq.*, and common law.

2. Defendant Alere assists physicians in tracking the medical care provided to over 450,000 patients who live at home with medical conditions that require significant home-monitoring. As a result, Alere collects and stores confidential personal and medical information from those patients. Alere maintains copies of that information at its facilities in California.

3. California and federal law requires that medical service providers and contractors, such as Defendant, must securely maintain the confidentiality of their patients' medical information, and the law prohibits the disclosure of such information without patients' written authorization. In recognition if its obligations, Defendant represents on its website that "Alere is committed to protecting your privacy. . . . We take reasonable precautions to keep your Personal Information secure. All personally identifiable information is subject to restricted access to prevent unauthorized access, modification or misuse."

4. Plaintiffs and the class provided Alere with their highly confidential personal and medical information, including their names, addresses, dates of birth, Social Security numbers, and medical conditions ("confidential personal and medical information"). When patients provide their intimate information to Alere, they reasonably expect that their confidential personal and medical information will be kept confidential and will not be disclosed to anyone without their authorization.

5. Unfortunately, Alere recklessly and negligently disregarded its obligations to safeguard patient confidentiality, the result of which was a massive, unauthorized disclosure of patients' confidential personal and medical information to criminals. On September 23, 2012, an Alere employee left a laptop in an inadequately secured vehicle in Fremont, California. This laptop,

---

which contained the confidential personal and medical information of approximately 116,000 patients, was subsequently stolen when thieves broke into the car.

6. Not only did Alere fail to take reasonable precautions to prevent confidential personal and medical information from being stored on a laptop that was vulnerable to theft, but Alere failed to encrypt that data. Encrypting confidential personal and medical information is the most basic of security precautions – it is also crucial because identity thieves can easily circumvent a laptop's password protection. As a result of Alere's failure to take this basic precaution, criminals can readily access the data. Thus, Alere's negligent and reckless maintenance of data resulted in the disclosure of the confidential personal and medical information of Plaintiffs and the class.

7. Notwithstanding its failure to protect confidential personal and medical information, Alere has done nothing to redress its gross misconduct, aside from offering only one year of credit monitoring, a time-period that is grossly insufficient to protect the victims of Defendant's unlawful actions from being further victimized by criminals who obtained their confidential personal and medical information.

## THE PARTIES

8. Plaintiff John Falkenberg, a resident of Greenwich, New York, is a patient who requires medical home-monitoring. Accordingly, Mr. Falkenberg has provided his most intimate confidential personal and medical information to Alere, with the reasonable expectation that Alere would protect the confidentiality of that information. Mr. Falkenberg has suffered emotional distress, risk of identity theft, risk of wrongful use of medical information, invasion of privacy, deprivation of the exclusive use and control of his personal and confidential information, and other harms as a result of the wrongful disclosure by Defendant.

9. Plaintiff Steven Ingargiola, a resident of Freehold, New Jersey, is a patient who requires medical home monitoring. Accordingly, Mr. Ingargiola has provided his most intimate confidential personal and medical information to Alere, with the reasonable expectation that Alere would protect the confidentiality of that information. Mr. Ingargiola has suffered emotional distress, risk of identity theft, risk of wrongful use of medical information, invasion of privacy, deprivation of the exclusive use and control of his personal and confidential information, and other harms as a result

of the wrongful disclosure by Defendant.

10. Defendant Alere Home Monitoring, Inc. is a Delaware corporation with its principal place of business located at 6465 National Drive in Livermore, California.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from the Defendant; there are more than 100 class members nationwide; and the aggregate amount in controversy exceeds $5,000,000. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs bring claims pursuant to the federal Fair Credit Reporting Act. *See* 15 U.S.C. § 1681 *et. seq.*

12. Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred within this District and Defendant maintains its headquarters in this District.

## FACTUAL BACKGROUND

### A. Plaintiffs Provided Their Highly Confidential Personal And Medical Information To Defendant.

13. Plaintiffs and class members have significant medical conditions that require at-home medical monitoring, which is facilitated by Alere.

14. As part of this monitoring process, Plaintiffs provide their highly confidential personal and medical information to Alere. To assuage patients' fear that this information will be unnecessarily disclosed to third parties, Alere's website boasts that "Alere is committed to protecting your personal privacy." Alere promises that "[a]ll personally identifiable information is subject to restricted access to prevent unauthorized access, modification or misuse."

15. Health care providers like Alere are required and expected to scrupulously maintain and safeguard the privacy of the confidential personal and medical information entrusted to them. Detailed instructions for maintaining the privacy of this information are set forth in numerous laws, including the federal Health Information Portability Accountability Act ("HIPAA"), the federal

-4-

CLASS ACTION COMPLAINT

Health Information Technology for Economic and Clinical Health Act ("HITECH"), the CMIA, and other pertinent laws, regulations, and industry standards.

16. Moreover, companies like Alere have abundant resources available to them to ensure the proper maintenance of confidential personal and medical information. For example, security consultants can provide detailed guidance for how to best protect this information. Sean Glynn, the vice president of the data security firm Credant Technologies, has opined that an armored car should be used to transport storage media containing confidential personal and/or medical information.

17. Accordingly, Plaintiffs should have been able to expect that Alere would take the necessary precautions to safeguard and maintain their confidential personal and medical information.

### B. Alere Disclosed Plaintiffs' Confidential Personal And Medical Information.

18. Contrary to its obligations, Alere disclosed Plaintiffs' confidential personal and medical information.

19. On November 20, 2012, Alere announced that a company-owned laptop containing patient information, including names, addresses, dates of birth, Social Security numbers, and information pertaining to medical diagnoses, was stolen from a vehicle owned by an Alere employee. Notwithstanding its obligation to promptly inform patients that their confidential personal and medical information, Alere waited almost two months to inform patients of the theft.

### C. The Disclosure Subjected Plaintiffs And The Class To An Increased Risk Of Identity Theft.

20. Identity theft occurs when a person's confidential personal information, such as that person's name, Social Security number, or credit card number, is used without his/her permission to commit fraud or other crimes. While some identity theft victims can resolve their problems quickly, the Federal Trade Commission ("FTC") reports that others spend hundreds of dollars and many days repairing damage to their good name and credit record. Some consumers victimized by identity theft may lose out on job opportunities, or be denied loans for education, housing or cars because of

CLASS ACTION COMPLAINT

negative information on their credit reports. In rare cases, they may even be arrested for crimes they did not commit.

21. According to the FTC, "the range of privacy-related harms is more expansive than economic or physical harm or unwarranted intrusions." Accordingly, "any privacy framework should recognize additional harms that might arise from unanticipated uses of data."[1] Furthermore, "there is significant evidence demonstrating that technological advances and the ability to combine disparate pieces of data can lead to identification of a consumer, computer, or device even if the individual pieces of data do not constitute [personally identifying information]."[2]

22. According to the Javelin Strategy & Research 2012 Identity Theft Report, which quantifies the impact of data breaches on a nationwide basis, in 2011 the mean consumer cost of identity fraud was $354. The same year, victims of identity theft spent an average of 12 hours resolving fraudulent charges. In 2011, the consumer cost for new account fraud and existing non-card fraud increased 33% and 50% respectively. Consumers who received a data breach notification had a fraud incidence rate of 19% in 2011, while 43% of data breach victims reported that their credit card numbers were stolen and 22% of the victims reported their debit card numbers were stolen. More importantly, individuals who, like the victims of Alere's disclosure, were notified that their personal health information had been breached were 9.5 times more likely to experience fraud than consumers who did not receive a notification.

23. Additionally, Defendant's potentially untimely notification substantially increased Plaintiffs' and class members' risk of "phishing" – an attempt by criminals to acquire information

---

[1] *Protecting Consumer Privacy in an Era of Rapid Change* FTC, Report March 2012 http://www.ftc.gov/os/2012/03/120326privacyreport.pdf.

[2] 106 FTC, *Protecting Consumer Privacy in an Era of Rapid Change: A Proposed Framework for Businesses and Policymakers, Preliminary FTC Staff Report*, 35-38 (Dec. 2010), *available at* http://www.ftc.gov/os/2010/12/101201privacyreport.pdf; *Comment of Center for Democracy & Technology,* cmt. #00469, at 3; *Comment of Statz, Inc.,* cmt. #00377, at 11-12.

CLASS ACTION COMPLAINT

such as money, usernames, passwords, and credit card details from the victim by masquerading as a trustworthy entity through electronic communications.

24. A criminal can easily identify the email address of a victim of the disclosure. When a criminal has access to confidential personal information from a large group of similarly situated victims, it is much more feasible to develop a believable phishing spoof email that appears realistic and tailored to this specific group of victims. The fraudsters can then convince the group of victims to reveal additional private banking account and credit card information.

25. A person whose personal information has been compromised may not see any signs of identity theft for *years*. According to the Government Accounting Office's June 2007 report on data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

26. This delay of years demonstrates that the one-year of credit monitoring offered by Alere is woefully insufficient. It is highly likely that, without additional relief from this Court, Plaintiffs and thousands of Alere patients will be subjected to identity theft after the credit monitoring expires.

27. Confidential personal and medical information is such a valuable commodity to identity thieves that they often trade it on the "cyber black-market" for a number of years.[3] Identity thieves and other cyber criminals openly post information directly on various Internet websites,

---

[3] Indeed, Symantec Corporation's Norton brand has created a software application that values a person's identity on the black market. Risk Assessment Tool, Norton 2010, www.everyclickmatters.com/victim/assessment-tool.html. *See also* T. Soma, ET AL, *Corporate Privacy Trend: The "Value" of Personally Identifiable Information ("PII") Equals the "Value" of Financial Assets*, 15 RICH. J.L. & TECH. 11, at *3-4 (2009).

thereby making the information publicly available. In one study, researchers found hundreds of websites displaying stolen personal and/or medical information. The study concluded:

> It is clear from the current state of the credit card black-market that cyber criminals can operate much too easily on the Internet. They are not afraid to put out their email addresses, in some cases phone numbers and other credentials in their advertisements. It seems that the black market for cyber criminals is not underground at all. In fact, it's very "in your face."[4]

28. On the black market, "health information is far more valuable than Social Security numbers," reported Dr. Deborah Peel, founder and chairwoman of Patient Privacy Rights.[5] ABC News' searches found one seller offering database dumps for $14 to $25 per person. ABC News was then sent, unsolicited, 40 individuals' private health information, including their names, addresses and body mass index. Another inquiry yielded an offer of more than 100 records including everything from Social Security numbers to whether someone suffered from anxiety or hypertension, or even their HIV status.

29. Thus, Defendant's disclosure of its patients' confidential personal and medical information has exposed those patients to a very high risk of identity theft.

30. Moreover, every reasonable patient whose confidential personal and medical information has been disclosed suffers from emotional distress and anxiety and from a devastating loss of privacy, both because of the risk of identity theft and owing to the highly personal nature of medical information.

## CLASS ACTION ALLEGATIONS

31. Plaintiffs bring this action on their own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of:

---

[4] http://www.stopthehacker.com/2010/03/03/the-underground-credit-card-blackmarket/

[5] http://abcnews.go.com/Health/medical-records-private-abc-news-investigation/story?id=17228986&page=2#.UGRgtq7yBR4.

All persons whose confidential personal and medical information was contained on the laptop stolen from an Alere employee's vehicle in September, 2012. Excluded from the class are Defendant, any entity in which any Defendant has a controlling interest, Defendant's officers, directors, agents, employees and legal representatives, the Court and Court personnel.

32. This action is brought as a class action for the following reasons:

a. The class consists of approximately 116,000 persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b. There are questions of law or fact common to the class which predominate over any questions affecting only individual members, including:

i. Whether Defendant disclosed the confidential personal and medical information of Plaintiffs and the class, without authorization;

ii. Whether such conduct constitutes a violation of California Civil Code §56, *et seq.*;

iii. Whether Defendant timely notified the patients whose information was wrongly disclosed;

iv. Whether Defendant's conduct was negligent;

v. Whether Defendant violated the FCRA;

vi. Whether such conduct constitutes a violation of California Civil Code Section 17200; and

vii. Whether Defendant was unjustly enriched by its conduct.

c. The claims asserted by Plaintiffs are typical of the claims of the members of the class because the rights of Plaintiffs and class members were violated in a virtually identical manner as a result of Defendant's wrongful actions and/or inaction that caused the

CLASS ACTION COMPLAINT

unauthorized disclosure of Plaintiffs' and class members' confidential personal and medical information;

d. Plaintiffs, who have no interests which are antagonistic to the claims of the class, will fairly and adequately protect the interests of the class, and Plaintiffs have retained attorneys experienced in consumer, data breach, and invasion of privacy class action litigation, and who have successfully represented plaintiffs in complex class actions. Plaintiffs' counsel currently represents other plaintiffs in similar complex class action litigation involving wrongful disclosures and access of private information;

e. Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant;

f. Defendant has acted on grounds that apply generally to the class, namely disclosing their confidential personal and medical information, so that final injunctive relief prohibiting Defendant from continuing its negligent practices is appropriate with respect to the class as a whole; and

g. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

    i. Absent a class action, class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional patients will be harmed, and Defendant will continue to retain its ill-gotten gains;

    ii. It would be a substantial hardship for most individual members of the class if they were forced to prosecute individual actions;

    iii. When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the class;

  iv. A class action will permit an orderly and expeditious administration of class claims and foster economies of time, effort, and expense;

  v. The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

  vi. Defendant has acted on grounds generally applicable to class members, making class-wide monetary and injunctive relief appropriate.

33. Class certification, therefore, is appropriate pursuant to FED. R. CIV. P. 23(b)(3) because the above common questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34. Class certification is also appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and/or equitable relief with respect to the class as a whole.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA CONFIDENTIALITY OF MED. INFORMATION ACT**
**(Cal. Civ. Code § 56, *et seq.*)**

35. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

36. Defendant, a corporation organized for the primary purpose of maintaining medical information and whose principle place of business is in California and who maintained in California the confidential personal and medical information it collected from Plaintiffs and the class, is subject to the requirements and mandates of the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et. seq.* ("CMIA").

37. Sections 56.10 and 56.36 of the CMIA prohibit entities subject to the CMIA from disclosing and negligently releasing the confidential medical information of their patients without authorization. Plaintiffs did not authorize the public disclosure or release of their confidential medical information.

38. As a direct result of its negligent failure to adequately protect the data it collected from patients, Defendant disclosed and released the confidential personal and medical information of Plaintiffs and the class to one or more unauthorized persons.

39. By disclosing and releasing the confidential medical information of Plaintiffs and the class without authorization, Defendant violated Section 56, *et seq.* and Defendant's legal duty to protect the confidentiality of such information.

40. Similarly, Defendant lawfully came into possession of Plaintiffs' and class members' confidential medical information and had a duty pursuant to Sections 56.06 and 56.101 of the CMIA to maintain, store and dispose of Plaintiffs' and class members' medical records in a manner that preserved its confidentiality. Sections 56.06 and 56.101 of the CMIA prohibit the negligent creation, maintenance, preservation, storage, abandonment, destruction or disposal of confidential medical information.

41. Defendant further violated the CMIA by failing to use reasonable care, and, in fact, negligently maintained, Plaintiffs' and class members' confidential medical information.

42. Defendant violated the CMIA by negligently releasing Plaintiffs' confidential medical information and also by negligently maintaining that same information.

43. As a direct and proximate result of Defendant's violations of the CMIA, Plaintiffs and class members have been injured within the meaning of the CMIA and are entitled to damages of $1,000 each pursuant to Cal. Civ. Code § 56.36(b)(1).

## SECOND CAUSE OF ACTION
## NEGLIGENCE

44. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

45. Defendant, through its business relationship with Plaintiffs and the class, assumed a duty to use reasonable care in storing, handling, and using the confidential personal and medical information of Plaintiffs and the class, including a duty to keep this information secure and private at all times. Defendant also owed Plaintiffs and the class a duty of due care in storing, handling, and using the confidential personal and medical information pursuant to various statutes, including but

CLASS ACTION COMPLAINT

not limited to California Civil Code sections 56.10, 56.101 and 56.36, and California Civil Code sections 1798.85.5(b) and (c) and 1798.82.

46. By their acts and omissions described herein, Defendant unlawfully breached its duty of care to Plaintiffs and the class. Among other things, Defendant: (a) failed to maintain adequate safeguards keep the confidential personal and medical information of Plaintiffs and the class private and secure; and (b) disclosed, without authorization, the confidential personal and medical information of Plaintiffs and approximately 116,000 individuals to one or more unauthorized persons.

47. As a direct and proximate result of Defendant's breaches of its duty of care to Plaintiffs and the class, Plaintiffs and the class have suffered harm and will continue to suffer harm, including, but not limited to, emotional distress, loss of and invasion of privacy, loss of property, and loss of control of their confidential health and medical information.

## THIRD CAUSE OF ACTION
## MONEY HAD AND RECEIVED & UNJUST ENRICHMENT

48. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

49. Plaintiffs and members of the class have conferred benefits on Defendant by paying value for services, which included the reasonable expectation that their confidential personal and medical information would be properly maintained and safeguarded.

50. Defendant knowingly and willingly accepted monetary benefits from Plaintiffs and members of the class, but Defendant did not honor their obligations. Rather, Defendant benefited from Plaintiffs' reasonable expectations.

51. Under the circumstances described herein, it is inequitable for Defendant to retain the full monetary benefit at the expense of Plaintiffs and members of the class.

52. By engaging in the conduct described above, Defendant has been unjustly enriched and wrongly received money at the expense of Plaintiffs and members of the class and Defendant is required, in equity and good conscience, to compensate Plaintiffs and members of the class as a result of their actions.

53. As a direct and proximate result of Defendant's unjust enrichment and improper money had and received, Plaintiffs and members of the class have suffered injury and are entitled to reimbursement, restitution, and disgorgement by Defendant of the benefits conferred by Plaintiffs and members of the class.

## FOURTH CAUSE OF ACTION
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (15 U.S.C. § 1681, *et seq.*)

54. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

55. The Fair Credit Reporting Act ("FCRA") requires consumer reporting agencies to adopt and maintain procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy and proper utilization of such information.

56. The FCRA defines a "consumer reporting agency" as:

> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

57. The FCRA defines a "consumer report" as:
> [A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes, employment purposes, or any other purpose authorized under [15 U.S.C. §] 1681(b).

15 U.S.C. § 1681a(d)(1).

58. The FCRA defines "medical information" as:

> [I]nformation or data, whether oral or recorded, in any form or medium, created by or derived from a health care provider or the consumer, that relates to – (A) the past, present, or future physical, mental, or behavioral health or condition of an individual; (B) the provision of health care to an individual; or (C) the payment for the provision of health care to an individual.

15 U.S.C. § 1681a(i).

59. The FCRA specifically protects medical information, restricting its dissemination to limited instances. *See, e.g.,* 15 U.S.C. §§ 1681a(d)(3), 1681b(g), 1681c(a)(6).

60. Alere is a Consumer Reporting Agency as defined under the FCRA. For monetary fees, Alere regularly engages, in whole or in part, in the practice of assembling information on consumers for the purpose of furnishing consumer reports to third parties and/or uses interstate commerce for the purpose of preparing and/or furnishing consumer reports.

61. The confidential medical and personal files Alere maintains are consumer reports because they contain information bearing on a patient's personal characteristics and mode of living which is used or expected to be used or collected in whole or in part for the purpose of establishing the patient's insurance coverage.

62. As a Consumer Reporting Agency, Alere was (and continues to be) required to adopt and maintain processes, controls, policies, procedures and/or protocols to safeguard, protect and limit the dissemination of consumer credit, personal, insurance, and other information (such as Plaintiffs' and class members' confidential personal and medical information) in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy and proper utilization of such information. Alere, however, violated the FCRA by failing to adopt and maintain such protective procedures which, in turn, directly and/or proximately resulted in the wrongful dissemination of Plaintiffs' and class members' confidential personal and medical information into the public domain.

**CLASS ACTION COMPLAINT**

63. Plaintiffs' and class members' confidential personal and medical information, in whole and/or in part, constitutes "medical information" as defined under the FCRA. Alere also violated the FCRA by failing to specifically safeguard, protect and limit the dissemination of Plaintiffs' and class members' confidential medical information into the public domain.

64. Alere's repeated violations of the FCRA – including its failure to encrypt and password protect the laptop containing the confidential personal and medical information of 116,000 people – as set forth above, were willful or, at the very least, reckless.

65. As a direct and/or proximate result of Alere's willful violations of the FCRA, as described above, Plaintiffs' and class members' personal medical information was disclosed and made accessible to unauthorized third parties in the public domain.

66. As a further direct and/or proximate result of Alere's willful violations of the FCRA, as described above, Plaintiffs and class members suffered actual damages in the form of, *inter alia*, the expense of securing credit reports, internet and/or credit monitoring services and insurance, loss in the value of their confidential personal and medical information, out-of-pocket expenses, loss of privacy, and other economic harm.

67. Plaintiffs and class members, therefore, are entitled to compensation for their actual damages or statutory damages ranging from $100 to $1000, per class member, as well as their attorneys' fees, litigation expenses, and costs, pursuant to 15 U.S.C §1681n(a).

### FIFTH CAUSE OF ACTION
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (15 U.S.C. § 1681, *et seq.*)

68. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

69. In the alternative to Count IV, and as described above, Alere negligently violated the FCRA by failing to design, adopt, implement, control, direct, oversee manage, monitor and/or audit the appropriate processes, controls, policies, procedures and/or protocols to safeguard, protect and

limit the dissemination of consumer credit, personnel, medical, and other information (such as Plaintiffs' and class members' confidential personal and medical information) for the permissible purposes outlined by the FCRA which, in turn, directly and/or proximately resulted in the data breach and wrongful dissemination of Plaintiffs' and class member's confidential and personal medical information into the public domain.

70. It was reasonably foreseeable that Alere's failure to design, adopt, implement, control, direct, oversee manage, monitor and/or audit the appropriate processes, controls, policies, procedures and/or protocols to safeguard, protect and limit the dissemination of Plaintiffs' and class members' confidential personal and medical information would result in an unauthorized third party gaining access to their confidential personal and medical information for no permissible purpose under FCRA.

71. As a direct and/or proximate result of Alere's negligent violations of the FCRA, as described above, Plaintiffs' and class members' confidential personal and medical information was stolen and made accessible to unauthorized third parties in the public domain.

72. As a further direct and/or proximate result of Alere's negligent violations of the FCRA, as described above, Plaintiffs and class members suffer (and continue to suffer) damages in the form of, *inter alia*, the expense of securing credit reports, internet and/or credit monitoring services and insurance, loss in the value of their confidential personal and medical information, out-of-pocket expenses, loss of privacy, and other economic harm. Alere's negligent wrongful actions and/or inaction violated the FCRA.

73. Plaintiffs and class members, therefore, are entitled to compensation for their above actual damages, as well as their attorneys' fees, litigation expenses and costs, pursuant to 15 U.S.C. §1681o(a).

## SIXTH CAUSE OF ACTION
## VIOLATION OF CAL BUS. & PROF. CODE
### (Cal. Code § 17200, *et. seq.*)

CLASS ACTION COMPLAINT

74. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

75. Plaintiffs and the class have standing to pursue this claim as they suffered injury in fact as a result of Defendant's actions as set forth herein.

76. This cause of action is brought in accordance with the provisions of the California Business and Professions Code section 17204. Class members have lost money or property as a result of Defendant's actions as set forth herein.

77. Defendant's actions that Plaintiffs have alleged in this complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code section 17200 *et seq.* in that Defendant's actions are unfair, unlawful, and fraudulent.

78. Defendant's business practices as alleged herein are unfair because they offend established public policy and are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers, in that the private and confidential medical, financial, and other personal information of consumers has been made public for all to see, use, or otherwise exploit.

79. Defendant's business practices as alleged herein are unlawful because the conduct violates various statutory and legal requirements, including, but not limited to, California Civil Code section 56.10, California Civil Code 1798.82 and California Civil Code 1798.84.

80. Defendant's business practices as alleged herein are fraudulent because they are likely to deceive consumers into believing that the private and confidential medical and health information they provide to Defendant for healthcare will remain private and secure, when in fact it was not private and secure.

81. Defendant's wrongful business practices constitute a continuing course of conduct of unfair competition since Defendant profited from failing to invest the resources necessary to safeguard and maintain the confidentiality of Plaintiffs' confidential medical and personal information.

82. Defendant's wrongful business practices have caused, and continue to cause, injury to Plaintiffs and the class. These injuries include, *inter alia*, expenditures on credit monitoring, increased risk of identity theft, and expenditures made to Defendant based on the reasonable

**CLASS ACTION COMPLAINT**

expectation that Defendant would maintain the privacy of the personal and medical information of Plaintiffs and the class.

83. As a direct and proximate result of Defendant's violation of California Civil Code § 17200 *et. seq.*, Plaintiffs and members of the class have suffered injury and are entitled to reimbursement, restitution, and disgorgement by Defendant of the benefits conferred by Plaintiffs and members of the class.

84. Pursuant to section 17203 of the California Business and Professions Code and any other applicable law, Plaintiffs seek an order from this court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the Complaint. Plaintiffs also seek an order requiring Defendant to make full restitution of all monies it wrongfully obtained from Plaintiffs and the class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For an Order certifying the proposed class pursuant to FED. R. CIV. P. 23(b)(2) and/or (3), requiring class notice to be paid by Defendant and appointing Plaintiffs and their counsel to represent the class;
2. For appropriate injunctive relief and/or declaratory relief, including an order requiring Defendant to immediately secure and fully encrypt all confidential information, to store any computer passwords in a location separate from the computers, to properly secure computers containing confidential information, to cease negligently storing, handling, and securing its patients' confidential information, to notify patients whose medical information is wrongly disclosed in an expedient and timely manner and to provide identity theft monitoring for an additional five years;
3. Adjudging and decreeing that Defendant has engaged in the conduct alleged herein;
4. For compensatory and general damages according to proof on certain causes of action;
5. For damages on certain causes of action, including $1,000 per class member;
6. For reimbursement, restitution and disgorgement on certain causes of action;

CLASS ACTION COMPLAINT

7. For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

8. For costs of the proceedings herein;

9. For reasonable attorneys' fees as allowed by statute; and

10. For any and all such other and further relief that this Court may deem just and proper, including but not limited to punitive or exemplary damages.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury of all claims and causes of action in this lawsuit to which they are entitled to a jury.

DATED: January 24, 2013

By: *[signature]*

ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
CAREY G. BEEN (SBN 240996)
cbeen@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

Jeremiah Frei-Pearson (*Pro Hac Vice* forthcoming)
D. Greg Blankinship (*Pro Hac Vice* forthcoming)
**MEISELMAN, PACKMAN, NEALON, SCIALABBA & BAKER P.C.**
1311 Mamaroneck Avenue
White Plains, New York 10605
Telephone: (914) 517-5000
Fax: (914) 517-5005
jfrei-pearson@mpnsb.com
gblankinship@mpnsb.com

*Counsel for Plaintiffs*

**CLASS ACTION COMPLAINT**