UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FALKENBERG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALERE HOME MONITORING, INC.,<br><br>    Defendant. | Case No. 13-cv-00341-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE; SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: ECF Nos. 16 & 18 |

Before the Court are motions by Defendant Alere Home Monitoring, Inc. ("Alere") to dismiss, and to strike portions of, a proposed class action complaint filed by Plaintiffs John Falkenberg and Steven Ingargiola ("Plaintiffs"). ECF Nos. 16 & 18.

## I. BACKGROUND

### A. Factual Background

The Court accepts the following allegations from the complaint as true for the purpose of resolving a Rule 12(b)(6) motion. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).

Alere assists physicians in tracking the medical care provided to patients who live at home with medical conditions that require significant home monitoring. Class Action Complaint ("Complaint"), ECF No. 1, at ¶ 2. As a result, Alere collects and stores confidential personal medical information ("CPMI") from those patients. Id. Plaintiffs allege that they provided Alere with their names, addresses, dates of birth, Social Security numbers, and medical conditions. Id., at ¶ 4.

On September 23, 2012, an Alere employee left her company laptop in a vehicle in

Fremont, California.  The vehicle was broken into and the laptop was stolen.  ECF No. 19-3.[1]

Plaintiffs allege that the stolen laptop contained the CPMI of 116,000 patients.  Complaint, at ¶ 6.

In addition, Plaintiffs allege that the laptop was secured by a login password and the CPMI was not encrypted.  Id.  On November 20, 2012, Alere informed Plaintiffs that the laptop stolen on September 23, 2012 contained their CPMI.  ECF No. 19-1.

### B.     Procedural History

Plaintiffs bring this action on behalf of themselves and also propose to represent a class comprising "[a]ll persons whose confidential personal and medical information was contained on the laptop stolen from an Alere employee's vehicle in September, 2012," although excluding "Defendant, any entity in which any Defendant has a controlling interest, Defendant's officers, directors, agents, employees and legal representatives, the Court and Court personnel."  Complaint, at ¶ 31.  In the Complaint, Plaintiffs bring six causes of action: violation of the CMIA, negligence, "money had and received & unjust enrichment," willful violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*, negligent violation of the FCRA, and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*.  Complaint, at ¶¶ 35-84.

---

[1] Although a court's review of a motion to dismiss is generally limited to the allegations in the complaint, Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), courts may properly take judicial notice of material attached to the complaint, and matters in the public record.  Fed. R. Evid. 201(b).  See, e.g., Castillo-Villagra v. INS, 972 F.2d 1017, 1026 (9th Cir. 1992).  In addition, the "incorporation by reference" doctrine allows judicial notice of a document attached by a defendant to a motion to dismiss when a "plaintiff's claim depends on the contents of a document" and "the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).  Therefore, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment; however, courts may not take judicial notice of facts subject to reasonable dispute.  Lee, 250 F.3d at 689. The Court GRANTS Alere's unopposed request judicial notice of the sample letter sent to Alere enrollees, ECF No. 19-1, and the incident report filed with the police department regarding the laptop theft, ECF No. 19-3, because each submitted document is incorporated by reference by the Complaint, and the parties do not dispute the authenticity of the documents.  The Court also GRANTS both parties other unopposed requests for judicial notice in connection with the motion to dismiss, all of which are court filings and legislative history materials which are matters of public record.

After Defendant filed the instant motions to dismiss, Defendant advised the Court that the California Court of Appeal was considering appeals in two very similar CMIA cases. The Court stayed this action until those opinions issued, and the parties have now filed supplemental briefs addressing the effect of those decisions. ECF Nos. 43 & 44.

### C. Jurisdiction

Pursuant to 28 U.S.C. § 1332(d), subject-matter jurisdiction is proper because at least one class member is of diverse citizenship from the Defendant; there are more than 100 proposed class members nationwide; and the aggregate amount in controversy exceeds $5,000,000. The Court also has subject-matter jurisdiction over the FCRA claim because it arises under federal law. 28 U.S.C. § 1331.

## II. MOTION TO DISMISS

### A. Legal Standard

On a motion to dismiss, the Court accepts the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To be entitled to the presumption of truth, a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. den'd, --- U.S. ----, 132 S.Ct. 2101 (2012).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 687. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In the Ninth Circuit, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of

which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible." Starr, 652 F.3d at 1216 (original emphasis).

### B. Confidential Medical Information Act

Plaintiffs allege that Alere failed to adequately protect the Plaintiffs' CPMI and consequently disclosed the information in violation of Cal. Civ. Code § 56.10 ("Section 56.10") and negligently released the information in violation of Cal. Civ. Code § 56.36 ("Section 56.36"). Complaint, at ¶ 38. In addition, Plaintiffs allege that Alere failed to use reasonable care and negligently maintained the patients' CPMI of Plaintiffs in violation of Cal. Civ. Code § 56.06 ("Section 56.06") and Cal. Civ. Code § 56.101 ("Section 56.101"). Complaint, at ¶ 41.

While no California court had interpreted these provisions at the time Plaintiffs filed their complaint, the Court of Appeal has now issued two opinions in very similar actions reversing Superior Courts who had overruled defendants' demurrers. Regents of Univ. of California v. Superior Court, 220 Cal. App. 4th 549, 570-71 (2013); Sutter Health v. Superior Court, 227 Cal.App.4th 1546, 1559 (2014). Even Plaintiffs acknowledge that both cases conclude "that, in a stolen computer case, there can be no liability for negligent release of CMI under sections 56.101 and 56.36 absent allegations, and subsequently proof, that the CMI on a stolen computer has been actually viewed by a third party." ECF No. 44. Plaintiffs make no attempt to defend the operative complaint as alleging such facts. Instead, they argue only that a *different* plaintiff will able to allege such facts. This does nothing to salvage the complaint.

Plaintiffs also argue that the California Supreme Court will reverse Regents and Sutter Health. "An intermediate state appellate court decision is a 'datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.' Am. Tower Corp. v. City of San Diego, No. 11-56862, 2014 WL 3953765, at *6 (9th Cir. Aug. 14, 2014) (quoting Estrella v. Brandt, 682 F.2d 814, 817 (9th Cir. 1982) (itself quoting West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237 (1940)). These two California Court of Appeal decisions are the only published opinions

4

interpreting this California statute statutory law, and Plaintiffs have cited no other data that would persuade this federal court sitting in diversity that the California Supreme Court would necessarily decide the issue otherwise.

The Court will dismiss Plaintiffs' CMIA claims.

**B.     Fair Credit Reporting Act**

The FCRA defines a credit reporting agency in pertinent part as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . " 15 U.S.C. § 1681a(f) (emphasis added) (hereinafter "Section 1681a"). A consumer report is defined in pertinent part as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit or insurance to be used primarily for personal, family, or household purposes." Section 1681a(d) (emphases added).

Plaintiffs allege that Alere willfully violated the FCRA, or alternatively, negligently violated the FCRA, by failing to "adopt and maintain processes, controls, policies, procedures and/or protocols to safeguard, protect and limit the dissemination of consumer credit, personal, insurance, and other information." Complaint, at ¶ 62. To establish liability under the FCRA, Plaintiffs must plausibly allege that Alere (1) qualifies as a credit reporting agency, and (2) that it disseminates credit reports. No published authority has been cited to the court addressing the question of whether a medical monitoring agency like Alere might be liable under the FCRA.

Plaintiffs repeat the statutory language in alleging that Alere qualifies as a credit reporting agency. Complaint, at ¶ 60. In their opposition brief, Plaintiffs contend that because Alere assembles and stores "other information" as stated in § 1681a(f), their corporation qualifies as a credit reporting agency, even though they do not allege it assembles and stores "consumer credit information." ECF No. 23 at 18. It is doubtful whether the information Alere collected here falls

within the intended scope of 1681a(f). "Under the principle of *ejusdem generis,* when a general term follows a specific one, the general term should be understood as a reference to subjects akin to the one with specific enumeration." Norfolk & W. Ry. Co. v. Am. Train Dispatchers Ass'n, 499 U.S. 117, 129 (1991); but see also Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 227 (2008) ("we do not woodenly apply limiting principles every time Congress includes a specific example along with a general phrase"). Here, the general catch-all term "other information on consumers" follows the specific item "consumer credit information." Plaintiff's reading of the "other information on consumers" category is essentially unlimited, and would seem encompass literally *any* information about consumers. It seems more likely that the category is limited to information similar to "consumer credit information."

In any case, even assuming that the CMPI collected by Alere constitutes "other information on consumers," Plaintiffs have not pleaded facts to establish that such information is kept for the purpose of furnishing consumer reports, as defined by Section 1681a(d), to third parties, as required by Section 1681a(f). Plaintiffs contend that the CPMI qualifies as information kept for the purpose of furnishing "consumer reports" because it is used to establish patients' insurance coverage. Complaint, at ¶ 61. To demonstrate this, Plaintiffs cite two pages on Alere's publically accessible website, both of which have language stating that Alere provides insurance coverage determination as one of its services in determining eligibility for home monitoring services. ECF No. 23 at 18, fn. 12. It is unclear from this whether Alere itself makes determinations about a patient's likely coverage or actually provides the information to insurers for them to provide a coverage determination. One sentence on the website states that Alere will "check with your insurance provider, and call you directly to give you the details on your coverage." This implies that Alere may perhaps verify the details of a patient's existing coverage, but it does not demonstrate that Alere provides the information to the insurer to *establish* a patient's eligibility for insurance.

Plaintiffs have failed to allege facts supporting a claim of liability under the FCRA.

**C. Negligence**

In their opposition brief, Plaintiffs state that they "are not at this time pursuing their second

6

cause of action for common law negligence." The Court construes this as a voluntary withdrawal of this cause of action.

### D. UCL

"California's unfair competition statute prohibits any unfair competition, which means 'any unlawful, unfair or fraudulent business act or practice.'" In re Pomona Valley Med. Group, 476 F.3d 665, 674 (9th Cir. 2007) (citing Cal. Bus. & Prof. Code § 17200, *et seq*.). "[T]o pursue either an individual or a representative claim under the California unfair competition law," a plaintiff "must have suffered an 'injury in fact' and 'lost money or property as a result of such unfair competition.' " Hall v. Time Inc., 158 Cal.App.4th 847, 849 (Ct. App. 2008). California courts have distinguished the UCL standing requirement as more stringent than the federal Article III standing requirement, noting that "[w]hereas a federal plaintiff's 'injury in fact' may be intangible and need not involve lost money or property, Proposition 64, in effect, added a requirement that a UCL plaintiff's 'injury in fact' specifically involves 'lost money or property.'" Troyk v. Farmers Grp., Inc., 171 Cal. App. 4th 1305, 1348, fn. 31 (2009).

Plaintiffs allege that Defendant's wrongful business practices caused, *inter alia*, "expenditures on credit monitoring, increased risk of identity theft, and expenditures made to Defendant based on the reasonable expectation that Defendant would maintain the privacy of the personal and medical information of the Plaintiffs and the class." Complaint, at ¶ 82. In Ruiz v. Gap, Inc., 540 F. Supp. 2d 1121, 1125 (N.D. Cal. 2008), aff'd, 380 F. App'x 689 (9th Cir. 2010), plaintiffs bringing a UCL claim alleged that stolen laptops containing the confidential information of employees qualified as a loss of property. The court noted that the plaintiffs "have not presented any authority to support the contention that unauthorized release of personal information constitutes a loss of property." Id. at 127. This court agrees, finding that in the absence of any such authority, Plaintiffs have not alleged any loss of property.

Plaintiffs rely on Kwikset Corp. v. Superior Court in to establish that a plaintiff need only "allege some specific, 'identifiable trifle of injury'" to establish standing under § 17200. 51 Cal. App. 4th 310, 324 (2011). However, the plaintiff in Kwikset alleged that they relied on the defendant's misrepresentations of the manufacturing origins of a tangible lock purchased for a

7

quantifiable value. Id. at 332. Here, while Plaintiffs claim to have expended money on credit monitoring, Alere offered one year of credit monitoring to all plaintiffs. ECF No. 19-1. Without specifically identifying what expenditures were necessary in excess of this offer, Plaintiffs cannot establish what money was lost. They fail to plead UCL standing, and all their UCL claims fail for this reason.

### E. Money Had and Received & Unjust Enrichment

Plaintiffs label their third cause of action "Money Had and Received & Unjust Enrichment." Complaint, at ¶ 48.

#### 1. Money Had and Received

The elements of a money had and received are: "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." Farmers Ins. Exch. v. Zerin, 53 Cal. App. 4th 445, 459 (1997). "The foundation of an action for conversion on a money had and received count is the unjust enrichment of the wrongdoer, and in order for plaintiff to recover in such action she must show that a definite sum, to which she is justly entitled, has been received by defendant." Walter v. Hughes Commc'ns, Inc., 682 F. Supp. 2d 1031, 1047 (N.D. Cal. 2010) (citing Bastanchury v. Times–Mirror Co., 68 Cal.App.2d 217, 236 (1945)). "Typically, to recover on a claim for money had a received, a plaintiff must prove that the defendant received 'money that was intended to be used for the benefit of' the plaintiff." Haskins v. Symantec Corp., No. 13-cv-01834-JST, 2014 WL 2450996, at *4 (N.D. Cal. June 2, 2014) (citing Judicial Council Of California Civil Jury Instruction 370). "California courts have not always held that this is specifically required," but "when they have not, it is because there has been some injustice in the performance of the contract which has resulted in a defendant being overcompensated at the plaintiff's expense." Id.

Plaintiffs allege that they "conferred benefits on Defendant by paying value for services, which included the reasonable expectation that their confidential personal and medical information would be properly maintained and safeguarded." Complaint, at ¶ 49. In the absence of any negligence or other violation of law committed by Alere, it not plausible to infer from the facts of

8

the complaint that Alere is indebted to Plaintiffs for any "certain sum."[2]

### 2. Unjust Enrichment

In California "[t]here is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." Myers-Armstrong v. Actavis Totowa, LLC, 382 Fed. Appx. 545, 548 (9th Cir. 2010) (unpublished) (citing McKell v. Washington Mut., Inc., 142 Cal.App.4th 1457, 1489 (2006)); see also Hill v. Roll Intl. Corp, 195 Cal.App.4th 1295, 1307, (2011) ("Unjust enrichment is not a cause of action"). Restitution is available as a remedy for Plaintiffs' UCL claims and if they can validly plead such a claim they make seek restitution as a remedy, making a free-standing claim for unjust enrichment duplicative. But in the absence of any viable claim giving rise to the remedy of restitution, Plaintiffs cannot bring a free-standing claim of unjust enrichment.

## IV. MOTION TO STRIKE

Defendants argue that plaintiffs may not bring actions pursuant to the CMIA as class actions, and they move the Court to strike from the complaint the class allegations which relate to the CMIA claim. Since the Court will dismiss the complaint in its entirety, the motion to strike portions of the complaint is DENIED WITHOUT PREJUDICE AS MOOT.

## V. LEAVE TO AMEND

Defendant argues that the Court should dismiss the complaint "without leave to amend." ECF No. 43, at 7. This is the initial complaint, and it is the first time the Court will dismiss it. "'[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts." OSU Student Alliance v. Ray, 699 F.3d 1053, 1079 (9th Cir. 2012) cert. denied, 134 S. Ct. 70, (U.S. 2013) (quoting Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc)). Although the Court concludes that Plaintiffs' "unjust enrichment" claim fails as a matter of law, the Court will grant Plaintiffs leave to amend the complaint to allege additional facts that would

---

[2] Plaintiffs also do not allege in the complaint how much money they paid Alere in return for protection of their information, and how much they are entitled to recover as a result of Alere's alleged failure.

9

remedy the other dismissed claims.

In their supplemental briefing, Plaintiffs' counsel states that Plaintiffs may seek to add a new plaintiff to the complaint, and that that plaintiff will allege that she was victimized by identify theft because of the laptop theft. ECF No. 44, at 2. The Court does not, in this order, grant Plaintiffs leave to amend the complaint to add a party. If the current Plaintiffs seek to amend the complaint to add a party, they must make the appropriate motion on the docket, and give Alere notice and the opportunity to oppose the motion.

## VI. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Alere's motion to dismiss. Insofar as the complaint brings a standalone claim for unjust enrichment, the claim is DISMISSED WITH PREJUDICE, since any such claim fails as a matter of law. Plaintiffs have leave to amend the complaint to re-assert their CMIA, FCRA, UCL, and money had and received claims if they can allege additional facts not pled in the initial complaint which overcome the deficiencies identified in this order.

For the foregoing reasons, the Court DENIES Alere's motion to strike WITHOUT PREJUDICE.

Plaintiffs are ORDERED to file an amended complaint within twenty-one days of the date of this order. Plaintiffs must specifically identify to the court the amendments they have made to cure the deficiencies identified in this order. Failure to file a timely amended complaint may result in dismissal with prejudice.

The Court also SETS this matter for a case management conference on for January 14, 2015 at 2:00 p.m. A joint case management statement is due ten court days beforehand. If it appears that the pleadings in this action will be not be settled by that date, or will be settled well before that date, the parties should move to continue or advance the conference, as appropriate.

**IT IS SO ORDERED**.

Dated: October 7, 2014



_____
JON S. TIGAR
United States District Judge